Railroad Company v. Marion County.

7L 663
117 765

NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY

*v.*

J. B. HODGES, TRUSTEE FOR MARION COUNTY.

1. TAXES. *Special. County court.* Taxes authorized to be assessed for a special purpose, as for the construction of public bridges, are not included in computing the maximum rate at which taxes may be assessed for county purposes.

2. SAME. *Exemptions from taxation. Strict construction.* Exemptions from taxation are contrary to public policy, and can only be allowed when granted in clear and unmistakable terms. The benefit of doubts must be given the State.

FROM MARION.

Appeal in error from the Circuit Court of Marion county. D. C. TREWHITT, J.

KEY & RICHMOND for Railroad Company.

FOSTER & BROWN and SPEARS & SPEARS for Hodges.

TURNEY, J., delivered the opinion of the court.

This record involves three propositions:

1. The right of Marion county court to levy a greater tax for the years 1875–6–7–8 upon the property of the company than the State tax.

2. The right of the county to levy a tax at all

for these years upon the Jasper Junction branch from
Jasper to the State line.

3. Whether the constable Rankin, who levied the
distress warrants, superseded by this proceeding, is en-
titled to commission on the amount collected; and on
this question it is agreed that the $3,448.40 paid into
court shall be treated as paid to Rankin on the war-
rants after the levy.

As to the first question, it was determined by this
court in *Railroad Co.* v. *Franklin County*, 5 Lea, 711,
that for the years 1875–6 the limit on the county
court was fifty cents on the hundred dollars. In the
same connection the court says: "The special tax, as
it appears, for bridges is not authorized." In the
opinion no reference is had to sec. 1270 of the Code:
"Public bridges and causeways on public roads, erected
by order of the county court, shall be paid for by a
tax on polls or other taxables, to be laid by the
court, and not to exceed in any year the amount of
the State tax." This provision was not called to the
attention of the court, and was therefore overlooked
in the. opinion, which is predicated of the idea that
there was no such statutory law. It follows, this
part of the opinion is overruled. With this modifi-
cation that case governs as to the years 1876–6 as
well as for the years 1877–8. In the case cited the
court says: "As a matter of course, the Legislature
may authorize a special tax to be imposed for a spe-
cial burden, to be paid directly to the particular ob-
ject, &c. * * * In such cases these taxes would
not be included in the general charges of the county,

and such taxes would not be counted in fixing the limit upon the levy to be made by the county court, unless so prescribed by the Legislature." It is further said in the same case: "It seems evident the Legislature, by the act of 1873, intended to regulate the levy of the school taxes alone, and fix the limit for such taxes independent of other taxes. It is clear this tax was authorized to be equal to the State tax irrespective of other county taxes." We adhere to that holding.

The second proposition comes within the principle announced in *Wilson* v. *Gaines*, 2 Tenn. Leg. R., 28, that "exemptions from taxation are contrary to public policy, and can only be allowed when granted in clear and unmistakable terms. If the language in which they are claimed to be granted leaves it doubtful, the benefit of the doubt must be given to the State." The reasoning in that case, to the effect that the words, "franchises, rights, privileges, property," do not carry exemption from taxation, applies in this case to the word "benefits." As said by Mr. Justice Fields in *Morgan* v. *Louisiana*, 3 Otto, "intendments will not be indulged to enlarge the operation of a clause restraining the exercise of a sovereign attribute of the State."

The question of commissions to the officer levying the distress warrants, is upon the idea that he received the amount admitted to be due at the time of the levy, it is to be so treated on the trial. Under this agreement, he is entitled to the commissions, and the court so charged the jury.

The question of interest upon the taxes was left to the discretion of the jury. If there was error in this part of the charge, it favored the company.

Affirmed.